U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 SEP 20 PM 4: 47

CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:16-cr-94-03 |
| | ) | |
| MANDY LATULIPPE | ) | |

## ORDER ON UNOPPOSED MOTION TO EXTEND
## PRE-TRIAL MOTION FILING DEADLINE
(Doc. 27)

The indictment in this case charges the defendants, Brian Folks and Mandy Latuilippe, with conspiracy to distribute heroin and cocaine (Count One) and distribution of heroin (Counts Two, Four, Six and Seven).

The Defendants were arraigned on July 20, 2016. The court set a pre-trial motion deadline of September 19, 2016. Ms. Latulippe has now moved for a 60-day extension of the motion filing deadline based upon her need to review and discuss discovery materials with her attorney. (Doc. 27.) Mr. Folks has filed an objection to the motion to extend on the ground that the additional time amounts to an unreasonable extension and violates his right to a prompt and speedy trial. (Doc. 28.) The motion to extend is unopposed by the Government.

Mr. Folks has filed a motion to sever and a motion to exclude evidence (Docs. 29 and 30) which are not yet ripe for ruling.

The court's authority to extend the speedy trial clock as to Ms. Latulippe appears at 18 U.S.C. § 3161(h)(7) which permits a period of delay at the request of the defendant on the basis of findings by the court that the ends of justice served by the extension outweigh the best interest of the public and the defendant in a speedy trial.

1

Mr. Folks' memorandum indicates that defense counsel received a large quantity of discoverable material on September 13, 2016. Ms. Latulippe's counsel's need for time to review and consider this material is clear. The extension is relatively short and will permit the filing of any motion which Ms. Latulippe and her attorney believe is supported by the materials released to them through discovery. The alternative—trial without the opportunity to challenge the evidence through a motion to suppress or in some other fashion—is worse than the two month delay. The court finds that the interests of justice are best served by granting the motion for an extension of the motion filing deadline.

The court considers the effect of Ms. Latulippe's motion to extend upon Mr. Folks' speedy trial rights separately. Mr. Folks states that Ms. Latulippe's motion for additional time to file motions impairs his speedy trial rights. In fact, it is his Motion to Sever and Motion to Exclude Evidence (Docs. 29 and 30) which have stopped the speedy trial clock in his case (and Ms. Latulippe's). The filing of his motions automatically stops the speedy trial clock in his case pursuant to 18 U.S.C. § 3161(h)(1)(D). *See United States v. Bush*, 404 F.3d 263, 274 (4th Cir. 2005), *cert. denied*, 546 U.S. 916 (2005); *United States v. Apperson*, 441 F.3d 1162, 1181 (10th Cir. 2006), *cert. denied*, 549 U.S. 1117 (2007). If the motion to sever is granted, then the clock will restart in Mr. Folks' single-defendant case. If the motion is denied, then the clock in Mr. Folks' case will run on the same schedule as Ms. Latulippe's pursuant to 18 U.S.C. § 3161(h)(6). *See United States v. Piteo*, 726 F.2d 50, 52 (2d Cir. 1983). What is significant now is that the pending motions to sever and to exclude evidence operate to stop the speedy trial clock for both defendants and that Ms. Latulippe's motion for additional time to prepare is not impairing Mr. Folk's rights.

The court GRANTS the motion to extend the pre-trial motion deadline. It is further ORDERED that the period of delay resulting from the extension of time shall be excusable in computing the time in which the trial in this cause must commence pursuant to the Speedy Trial Act and this District's Plan for Prompt Disposition of Criminal Cases. The time to be excluded as directed above shall commence on September 19, 2016 and continue through November 18, 2016.

Dated at Rutland, in the District of Vermont, this 20 day of September, 2016.

_____
Geoffrey W. Crawford, Judge
United States District Court