UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 5:16-cr-94 |
| ) | |
| BRIAN FOLKS, aka "Moe," aka "Moet Hart," ) | |
| DONALD MCFARLAN, aka "G" and ) | |
| MANDY LATULIPPE, ) | |
| Defendants. ) | |

## SUPERSEDING INDICTMENT

### Count 1

The Grand Jury charges that:

From in or about May of 2015, until on or about March of 2016, in the District of Vermont and elsewhere, the defendants, BRIAN FOLKS, aka "Moe," aka "Moet Hart," DONALD MCFARLAN, aka "G," MANDY LATULIPPE, and others, known and unknown to the Grand Jury, knowingly and willfully conspired to distribute heroin, a Schedule I controlled substance, and cocaine and cocaine base, Schedule II controlled substances.

With respect to defendants BRIAN FOLKS, aka "Moe," aka "Moet Hart," and DONALD MCFARLAN, aka "G," their conduct as a members of the conspiracy, including the reasonably foreseeable conduct of other members of the conspiracy, involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base and 100 grams or more of a mixture and substance containing a detectable amount of heroin.

(21 U.S.C. §§ 841(a), 841(b)(1)(B), 846)

## Count 2

The Grand Jury further charges that:

On or about January 6, 2016, in the District of Vermont, the defendants, BRIAN FOLKS, aka "Moe," aka "Moet Hart" and MANDY LATULIPPE, knowingly and intentionally distributed heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C); 18 U.S.C. §2)

## Count 3

The Grand Jury further charges that:

On or about January 12, 2016, in the District of Vermont, the defendant, DONALD MCFARLAN, aka "G," knowingly and intentionally distributed heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C))

## Count 4

The Grand Jury further charges that:

On or about January 12, 2016, in the District of Vermont, the defendants, BRIAN FOLKS, aka "Moe," aka "Moet Hart" and MANDY LATULIPPE, knowingly and intentionally distributed heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C); 18 U.S.C. §2)

## Count 5

The Grand Jury further charges that:

On or about January 13, 2016, in the District of Vermont, the defendant, DONALD MCFARLAN, aka "G," knowingly and intentionally possessed with intent to distribute heroin, a Schedule I controlled substance, and cocaine base, a Schedule II controlled substance. The offense involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base and 100 grams or more of a mixture and substance containing a detectable amount of heroin.

(21 U.S.C. §§ 841(a), 841(b)(1)(B))

## Count 6

The Grand Jury further charges that:

On or about January 22, 2016, in the District of Vermont, the defendants, BRIAN FOLKS, aka "Moe," aka "Moet Hart" and MANDY LATULIPPE, knowingly and intentionally distributed heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C); 18 U.S.C. §2)

## Count 7

The Grand Jury further charges that:

On or about February 10, 2016, in the District of Vermont, the defendants, BRIAN FOLKS, aka "Moe," aka "Moet Hart" and MANDY LATULIPPE, knowingly and intentionally distributed heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C); 18 U.S.C. §2)

## Count 8

The Grand Jury further charges that:

Between in or about June 2012 and in or about August 2014, in the District of Vermont, the defendant, BRIAN FOLKS, aka "Moe," aka "Moet Hart," knowingly, in and affecting interstate commerce, recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited by any means Victim A, knowing and, except in the case of advertising, in reckless disregard of the fact that force, threats of force, fraud, and coercion would be used to cause Victim A to engage in a commercial sex act.

(18 U.S.C. §§ 1591(a)(1), (b)(1))

Count 9

The Grand Jury further charges that:

In or about July 2013 and between in or about June 2015 and in or about February 2016, in the District of Vermont, the defendant, BRIAN FOLKS, aka "Moe," aka "Moet Hart," knowingly, in and affecting interstate commerce, recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited by any means Victim B, knowing and, except in the case of advertising, in reckless disregard of the fact that force, threats of force, fraud, and coercion would be used to cause Victim B to engage in a commercial sex act.

(18 U.S.C. §§ 1591(a)(1), (b)(1))

## Count 10

The Grand Jury further charges that:

In or about June 2015, in the District of Vermont, the defendant, BRIAN FOLKS, aka "Moe," aka "Moet Hart," knowingly, in and affecting interstate commerce, recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited by any means Victim C, knowing and, except in the case of advertising, in reckless disregard of the fact that force, threats of force, fraud, and coercion would be used to cause Victim C to engage in a commercial sex act.

(18 U.S.C. §§ 1591(a)(1), (b)(1))

Count 11

The Grand Jury further charges that:

Between in or about June 2015 and in or about December 2015, in the District of Vermont, the defendant, BRIAN FOLKS, aka "Moe," aka "Moet Hart," knowingly, in and affecting interstate commerce, recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited by any means Victim D, knowing and, except in the case of advertising, in reckless disregard of the fact that force, threats of force, fraud, and coercion would be used to cause Victim D to engage in a commercial sex act.

(18 U.S.C. §§ 1591(a)(1), (b)(1))

## Count 12

The Grand Jury further charges that:

Between in or about May 17, 2013 and in or about May 18, 2013, in the District of Vermont, the defendant, BRIAN FOLKS, aka "Moe," aka "Moet Hart," knowingly, in and affecting interstate commerce, recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited by any means Minor Victim E, knowing and, except in the case of advertising, in reckless disregard of the fact, and having had a reasonable opportunity to observe Minor Victim E, that Minor Victim E had not attained the age of 18 years and would be caused to engage in a commercial sex act.

(18 U.S.C. §§ 1591(a)(1), (b)(2), (c))

A TRUE BILL

FOREPERSON

(AEA) Eugenia A.P. Cowles
Acting United States Attorney
Burlington, Vermont
April 27, 2017